**In re HILLSBOROUGH HOLDINGS CORPORATION et al., Debtors.**

**HILLSBOROUGH HOLDINGS CORPORATION et al., Plaintiffs,**

v.

**The CELOTEX CORPORATION, et al., Defendants.**

**Bankruptcy Nos. 89–9715–8P1 through 89–9746–8P1.**

**Adv. No. 90–0003.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 2, 1990.

Don M. Stichter, Tampa, Fla., Michael J. Crames, P.C., New York City, for plaintiff.

Marsha Griffin Rydberg, Tampa, Fla., Fredric J. Zepp, Job Taylor, III, New York City, Charles F. Ketchey, Jr., Tampa, Fla., for Certain Asbestos defendant.

Marc Kirschner, New York City, Paul O'Hearn, Atlanta, Ga., Zala Foriza, St. Petersburg, Fla., for creditors' committee.

Jeffrey Warren, Michael B. Colgan, Holland & Knight, Tampa, Fla., for Jim Walter Corp. and Celotex Corp.

Elihu Inselbuch, New York City, Carl S. Kravitz, C. Sanders McNew, Washington, D.C., Phoebe Corry, Detroit, Mich.; Thomas W. McAliley, Miami, Fla., Bricker, Zakovics & Querin, P.C., Portland, Or., Wilhelm Dingler, Seattle, Wash., for Asbestos defendants.

Ronald P. & Donna J. Pavlich, Akron, Ohio, for defendant.

Lynne L. England, Tampa, Fla., Asst. U.S. Trustee.

ORDER ON DEFENDANTS' OBJECTIONS TO AND MOTION FOR RECONSIDERATION OF DEBTORS' MOTION FOR EXTENSION OF TIME TO MAY 31, 1990 FOR FILING THEIR RESPONSE TO CERTAIN ASBESTOS DEFENDANTS' OBJECTIONS, AND STATEMENT OF GROUNDS FOR SUCH OBJECTIONS, TO THE BANKRUPTCY COURT'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATIONS CONCERNING ABSTENTION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this adversary proceeding brings into play the interaction and interpretation of Bankruptcy Rules 9006(b) and Rule 9033(b). The matter is presented for this Court's consideration by an "Objection to a Motion for Extension of Time to File a Response or, in the Alternative, a Motion for Reconsideration", filed by counsel representing asbestos-related personal injury claimants, some of the defendants named in this adversary proceeding (Defendants). The Motion for Reconsideration is addressed to an Order entered by this Court on May 31, 1990.

In order to put the issues raised by the Motions under consideration in proper focus, a brief recap of the relevant portions of the procedural background of this adversary proceeding should be helpful.

On April 13, 1990, this Court entered its Report and Recommendations pursuant to Bankruptcy Rule 5011 on the Motion to Abstain, filed by counsel for the Defendants. On April 19, 1990, counsel for these defendants filed a Motion and sought leave to extend the time for filing objections to the proposed Findings of Fact, Conclusions of Law and Recommendations. The Motion was granted. The Objections to the Report and Recommendations were filed on May 7, 1990, within the time fixed by the Order which granted the Motion for extension.

On May 11, 1990, counsel for the Plaintiffs filed a Motion and sought an extension of the time to respond to the Objections of the Defendants to the Report and Recommendation. On the same date this Court entered an Order, ex parte, and granted the Motion and extended the time to respond to the objection. On May 15, 1990, counsel for the defendants filed an objection to the Motion to extend the time and, in the alternative a Motion for reconsideration of the Order of May 11, 1990 which extended the time to file a response to the objection. These are the undisputed facts, as appear from the record, which present the question of whether the time to file a response to an objection filed to a proposed Findings of Fact, Conclusions of Law and Recommendation submitted by this Court pursuant to Bankruptcy Rule 5011 may be extended beyond the time prescribed by Bankruptcy Rule 9033.

It is the contention of counsel for the defendants that a plain reading of the applicable Rules, 9006(b) and 9033(c) do not permit any extension of time to file a response to an objection and, therefore, the Motion for Extension should have been denied and the Order granting the Motion was entered in error and should be set aside and vacated.

Bankruptcy Rule 9006(b) sets the time frame within which certain actions may be taken. Subclause (b) deals with the procedures for the enlargement of time frames

otherwise provided by the Rules. Subclause (b)(1) provides that with the exceptions set forth in subclause (2) and (3), when an act is required or allowed to be done at or within a specified period, the court may, for cause shown, at any time in its discretion, with or without motion or notice, enlarge the time *if a request is made prior to the expiration of the period originally prescribed* (emphasis supplied). Subclause (3) provides, however, that the power to enlarge the time is limited and the Court may enlarge the time for taking an action only to the extent and under the conditions stated in the particular Rule involved which is, in this case, Bankruptcy Rule 9033.

Bankruptcy Rule 9033 deals with the procedure for the review of the proposed Findings of Fact and Conclusions of Law, submitted by the bankruptcy judge to the district court in non-core or related proceedings. Bankruptcy Rule 5011(b) provides that a review of the Report and Recommendations on the Motion to Abstain shall be governed by Bankruptcy Rule 9033. Subclause (b) of the Rule 9033 provides that within ten (10) days from being served with a copy of the proposed Findings of Fact and Conclusions of Law a party aggrieved may file with the Clerk written objections which identify the specific proposed findings of fact and conclusions of law challenged and state grounds for the objection. This Rule further provides that the other party to the matter involved may respond to an objection of another party within ten (10) days after being served with a copy of the objection interposed to the proposed Findings of Fact and Conclusions of Law.

Reading Bankruptcy Rule 9033 in conjunction with Rule 9006(b)(3), it appears that the Court may only enlarge the time for filing a response to an objection filed to the Report and Recommendation as provided by Bankruptcy Rule 9033(c). Based on the foregoing, it appears that unless a response is filed within ten (10) days after service of the objection, it is untimely and the Court is powerless to extend the time to file a response to an objection to a Report and Recommendation submitted by the bankruptcy court pursuant to Bankruptcy Rule 5011.

In opposition the Plaintiffs contend that the general rule dealing with enlargement of time, Bankruptcy Rule 9006(b), permits an extension of the time if a Motion is made timely.

The Rules dealing with time frames under the Rules were designed to promote a prompt administration of bankruptcy cases. *Committee Notes to Rule 9006.* For this reason the Rules set forth specific time frames within which certain matters have to be accomplished. The first sentence which sets forth the exceptions to the application of the general principles governing enlargement of time clearly deals with this question by expressly excluding, by subclause (b)(3) of Bankruptcy Rule 9006, the applicability of Bankruptcy Rule 9033. The Committee Note accompanying this Rule leaves hardly any doubt that the Committee intended that the ten (10) day time period should be equally applicable by adding Rule 9033 in 1987 to the original version which did not include 9033.

Based on the foregoing this Court is satisfied that it was inappropriate to enter an Order granting the Motion to extend time and, treating the Objection as a Motion for Reconsideration, it should be granted and the Order should be set aside and vacated.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to and Motion for Reconsideration of Debtors' Motion for Extension of Time to May 31, 1990 for Filing Their Response to Certain Asbestos Defendants' Objections, and Statement of Grounds for Such Objections, to the Bankruptcy Court's Proposed Findings of Fact, Conclusions of Law and Recommendations Concerning Abstention, treated as a Motion for Reconsideration, be, and the same is hereby, granted and the Order Granting Motion for Extension of Time be, and the same is hereby, set aside and vacated.

DONE AND ORDERED.